IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DISTRICT

ELECTRONICALLY
FILED
Mar 15 2023
U.S. DISTRICT COURT
Northern District of WV

COLUMBIA GAS TRANSMISSION, LLC,

    *Plaintiff*,

v.

WEST PENN UTILITIES, LLC,

  Serve:  2085 N. Forest Grove Rd.
             Coraopolis, PA 15108

    *Defendant*.

Civil Action No. **5:23-CV-99 (Bailey)** _____

# COMPLAINT

Plaintiff Columbia Gas Transmission, LLC ("Columbia"), by and through its undersigned counsel, McGuireWoods LLP, files this Complaint against Defendant West Penn Utilities, LLC ("West Penn") and alleges as follows:

## PARTIES

1. Columbia owns and operates natural gas transmission pipelines across several states, including an underground natural gas transmission pipeline running through Ohio County, West Virginia which is known as Pipeline 1754 (the "Pipeline").

2. Columbia is a Delaware limited liability company registered to do business in West Virginia. Its sole member, Columbia Pipeline Group Operating Company LP, is a Delaware limited partnership with one general partner and three limited partners. All of Columbia Pipeline Operating Company LP's limited partners, its general partner, and all other business entities related to those partners are citizens of Delaware or Texas for diversity purposes.

3. West Penn is a Pennsylvania limited liability company with its principal place of

business in Pittsburgh, Pennsylvania.  West Penn is an underground utility contractor that is registered to do business in West Virginia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000, including a reasonably anticipated amount of punitive damages (but exclusive of interest and costs).

5. This Court has personal jurisdiction over West Penn because it undertook actions specifically related to Columbia's claims in this District, including transacting business, contracting to supply services, and causing tortious injury by acts or omissions in the District.

6. Venue in this Court is proper under 28 U.S.C. §§ 1391(a) and (b) because the events giving rise to Columbia's claims occurred in this District and the property that is the subject of this action is situated in this District.

## FACTS

7. Under West Virginia law, a contractor intending to perform excavation work is required to notify the state's "One-Call" (811) system not less than 48 hours and not more than ten days prior to beginning such work.  *See* W. Va. Code § 24C-1-5(a)(1).

8. For any change to the start date and time of the work as originally noticed, the contractor is required to provide no less than 24-hours' notice to the One-Call system prior to commencing the rescheduled work.  *See* W. Va. Code § 24C-1-5(a)(2).

9. In the summer of 2022, West Penn intended to perform certain excavation work in the vicinity of the Pipeline at a location approximately fifty feet from the intersection of National Road (State Route 40) and Bain Street in Triadelphia, West Virginia (the "Work").

10. In anticipation of the Work, West Penn contacted West Virginia's One-Call system on or around June 24, 2022.

11. Columbia received notice from the One-Call system. In response, Columbia promptly, properly, and accurately marked the Pipeline in a clear and unobstructed fashion.

12. Columbia also generated a "Stakeout Report" agreement dated June 24, 2022 (the "Stakeout Agreement"), which was executed by representatives of both West Penn and Columbia. A true and correct copy of the Stakeout Agreement is attached hereto as Exhibit A.[1]

13. The Stakeout Agreement stated that the subject "locate will expire" on July 8, 2022. *See* Ex. A at 1.

14. In the Stakeout Agreement, West Penn acknowledged that the "buried facilities" were marked with "Spray Paint" and that the Pipeline "is marked with yellow spray paint." *See id.* at 1–2.

15. Importantly, the Stakeout Agreement required that a Columbia representative "be onsite for excavation." The Stakeout Agreement stated:

> Attention: : (sic) **WARNING – . . . No work should begin without requesting a re-locate to the local state One Call Center.  -  No Excavation or backfill shall take place within the facility right-of-way (ROW) without [Columbia] Representative present. . . .  Excavation on the ROW requires written consent from the [Columbia] representative - Mechanical excavation is not permitted within 15 feet until pipeline has been potholed.  Hand excavation or hydrovac of buried facilities is mandatory within 40 inches or as directed by [Columbia] representative**[.]

*Id.* at 2 (emphasis in original).

16. The Stakeout Agreement further stated:

> **No excavation, including hand digging, is permitted on [Columbia] pipeline rights-of-way without prior approval from [Columbia].  [Columbia] personnel**

---

[1] The Stakeout Agreement references "TransCanada" and "TC Energy." TC Energy Corporation was formerly known as TransCanada Corporation. TC Energy Corporation is Columbia's parent.

3

> **must be present during any construction or excavation activities on or around its facilities or rights-of-way unless otherwise permitted by [Columbia]. Excavation on [Columbia's] right-of-way is strictly forbidden without a [Columbia] representative on site.  Hand excavation, air cutting, vacuum excavation, or potholing techniques within 40 inches of the outer edge of the [Columbia] pipeline (on all sides) is required.**

*Id.* at 3 (emphasis in original).

17. The Stakeout Agreement also required West Penn to indemnify Columbia against any damages to the Pipeline in connection with the Work. *See id.* at 2.

18. In addition to the Stakeout Agreement, Virginia law required West Penn to provide notice to Columbia (through the One-Call system) no less than 24 hours in advance of any change to the schedule for commencing any digging or ground disturbance work (so that Columbia could have a representative present).

19. On July 25, 2022 — following the expiration of both West Penn's One-Call notification and the Pipeline locate set forth in the Stakeout Agreement — West Penn commenced the Work.  At no time before commencing the Work did West Penn notify either the One-Call system or Columbia that it would commence the Work on July 25, 2022.

20. Accordingly, no Columbia representative was present when West Penn performed the Work.

21. The Work did not commence on the date and time set forth in West Penn's initial One-Call notification.

22. West Penn did not notify Columbia of the specific date and time the Work was scheduled to begin at least 24 hours prior to commencing the Work.

23. West Penn did not notify the One-Call system the specific date and time the Work was scheduled to begin at least 24 hours prior to commencing the Work.

24. West Penn's failure to properly notify the One-Call system prior to commencing

the Work constituted a violation of West Virginia law.

25. West Penn's failure to properly communicate with Columbia representatives prior to commencing the Work further constituted a breach of the Stakeout Agreement.

26. If West Penn had provided the requisite notice, Columbia would have re-marked the location of the Pipeline.  Because spray paint occasionally fades as time passes, the marking that Columbia provided a month earlier may no longer have been visible.

27. In further violation of the Stakeout Agreement, upon information and belief, West Penn failed to exercise reasonable care in excavating the area in the vicinity of the Pipeline.  As a result of its negligence, West Penn struck and damaged the pressurized natural gas Pipeline.

28. Had West Penn complied with its notification obligations under the Stakeout Agreement and West Virginia law, a Columbia representative would have been present during the Work to ensure that West Penn performed its excavation activities without damaging the Pipeline.

29. Had West Penn complied with its obligations (under both the Stakeout Agreement and West Virginia law) to perform the appropriate excavation techniques, and otherwise exercise due care, West Penn would not have damaged the Pipeline.

30. Pursuant to West Virginia's One-Call system law, "[i]f any underground facility is damaged by a person who has failed to comply. . . , that person is liable to the operator of the underground facility for the total cost to repair the damage in an amount equal to that as is normally computed by the operator. . . ." W. Va. Code § 24C-1-5(b).

31. West Penn is liable to Columbia for the costs that Columbia incurred to repair the Pipeline.

32. Despite a demand for reimbursement, West Penn has refused to compensate Columbia for the damage to the Pipeline cause by West Penn's conduct.

33. Upon information and belief, West Penn has a history of failing to provide appropriate notice of its excavation activities. West Penn is believed to have similarly failed provide lawful notice of its excavation activities, including at least one instance in which West Penn struck and damaged underground pipelines in Pennsylvania as a result of its failure to provide notice of its intent to commence excavation activities in violation of the applicable Pennsylvania statute.

## COUNT I
## BREACH OF CONTRACT

34. Columbia incorporates the above allegations as if fully set forth herein.

35. The Stakeout Agreement is a valid and binding contract between Columbia and Defendant.

36. West Penn breached the Stakeout Agreement by failing to notify Columbia in advance of performing the Work so that a Columbia representative could be present.

37. West Penn breached the Stakeout Agreement by performing the Work without a Columbia representative present.

38. West Penn breached the Stakeout Agreement by failing to employ the construction techniques required thereunder in performing the Work.

39. West Penn further breached the Stakeout Agreement by failing to indemnify Columbia upon demand for the harm caused to the Pipeline.

40. Columbia has been and continues to be damaged, in an amount no less than $40,887.04, as a result of each of West Penn's breaches of the Stakeout Agreement.

## COUNT II
## NEGLIGENCE

41. Columbia incorporates the above averments as if fully set forth herein.

42. West Penn's failure to properly notify the One-Call system prior to commencing the Work constituted a violation of West Virginia law. *See* W. Va. Code § 24C-1-5. This statutory violation constitutes a presumption of negligence under West Virginia law.

43. West Penn owed a duty to Columbia to act reasonably and with due care in preparing to perform and in performing the Work.

44. West Penn breached the duty it owed to Columbia by negligently, carelessly, recklessly, and unreasonably preparing to perform and performing the Work, including in failing to properly communicate with and provide advance notice to Columbia representatives; failing to place a follow-up call to the One-Call system prior to commencing the Work as required by West Virginia law; mechanically excavating around the Pipeline; failing to utilize hand-excavation, air cutting, vacuum excavation, hydrovac, and/or potholing techniques; and striking and causing damage to the pressurized natural gas Pipeline.

45. It was foreseeable that West Penn's conduct, in failing to exercise reasonable care as described, would cause damage to property owners (including Columbia).

46. As a direct and proximate result of the acts or omissions of West Penn, Columbia's property was damaged. Columbia has been forced to expend sums in repairing and mitigating the damage caused by West Penn.

47. Columbia has been (and continues to be) damaged in an amount no less than $40,887.04 as a result of West Penn's negligent acts or omissions.

48. Accordingly, West Penn is liable to Columbia for the costs that it incurred to repair the Pipeline for damage caused by West Penn's negligent conduct.

49. Moreover, West Penn has a history of such conduct. On information and belief, West Penn has similarly failed provide notice of its excavation activities, including at least one

instance in which West Penn also struck and damaged underground pipelines located in Pennsylvania after having failed to comply with the notice requirements in the applicable Pennsylvania statute.

50. Accordingly, punitive damages are warranted because West Penn's negligent acts and omissions were carried out with a conscious, reckless, and outrageous indifference to Columbia's rights and as well as the welfare of the general public.

**WHEREFORE,** Columbia respectfully requests that the Court enter judgment in its favor and against West Penn, and that such judgment include the following relief:

(a) An award of compensatory damages in an amount no less than $40,887.04;

(b) An award of punitive damages;

(c) Pre-judgment and post-judgment interest, to the fullest extent permitted by law;

(d) Attorneys' fees and costs, to the fullest extent permitted by law; and

(e) Any other relief that this Court deems just and proper.

Columbia demands a trial by jury on all issues so triable.

March 15, 2023                              Respectfully submitted,

*/s/ Gregory J. Krock*
Gregory J. Krock
WV Bar No. 10999
Branden P. Moore
WV Bar No. 13658
**McGUIREWOODS LLP**
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000
(412) 667-6050 (Fax)
gkrock@mcguirewoods.com
bmoore@mcguirewoods.com

*Counsel for Plaintiff*